UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: **01 - 7241**

ACCESS FOR THE DISABLED, INC. and
JOHN GARON,

Plaintiffs,

CIV-ROETTGER

vs.

BRINKER FLORIDA, INC., a foreign
corporation d/b/a CHILI'S GRILL & BAR,

**MAGISTRATE JUDGE**
**SELTZER**

Defendant.

_____/   **INJUNCTIVE RELIEF SOUGHT**

## COMPLAINT

Plaintiffs, ACCESS FOR THE DISABLED, INC. and JOHN GARON, (hereinafter,
"Plaintiffs"), by and through the undersigned counsel, hereby sue the Defendant, BRINKER
FLORIDA, INC., a foreign corporation d/b/a CHILI'S GRILL & BAR (hereinafter, "Defendant"),
for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. §12181, *et seq.*
(hereinafter, the "ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter,
the "ADAAG"), and allege as follows:

### JURISDICTION

1.      This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§1331 and
1343 for Plaintiffs' claims arising under 42 U.S.C. §12181, *et seq.*, based upon Defendant's failure
to remove physical barriers to access and violations of Title III of the ADA (see also, 28 U.S.C.
§§2201 and 2202).

### PARTIES

2.      Plaintiff, JOHN GARON, is a resident of the State of Florida and this judicial district,
is sui juris, and disabled as defined by the ADA and substantially limited in performing one or more

01-cv-07241-JIC   Document 1   Entered on FLSD Docket 07/24/2001   Page

major life activities, including but not limited to walking, standing, grabbing, grasping and pinching. Plaintiff use a wheelchair for mobility purposes. Plaintiff's access to the Facility and/or their full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations offered therein was denied and/or limited because of these disabilities, and will be denied and/or limited in the future unless and until Defendant is compelled to remove the physical barriers to access and ADA violations which exist at the Facility, including those set forth in this Complaint.

3.      ACCESS FOR THE DISABLED, INC., is a non-profit Florida corporation. The members of this organization include JOHN GARON and other individuals with disabilities as defined by the ADA. This organization's purpose is to represent its members' interests by assuring that places of public accommodation are accessible to and usable by the disabled and that its members are not discriminated against because of their disabilities. Plaintiff, JOHN GARON, and other members has suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until Defendant is compelled to remove the physical barriers to access and comply with the requirements of the ADA. The organization has also been discriminated against because of its association with its disabled members and their claims.

4.      Plaintiff has suffered and continues to suffer direct and indirect injury as a result of the Defendant's actions or inaction described herein.

5.      The Defendant transacts business in the State of Florida and within this judicial district. Defendant is the owner, lessee, lessor and/or operator of the real property and improvements which are the subject of this action, commonly referred to as Chili's Grill & Bar, 7345 West Oakland Park Boulevard, Lauderhill, Florida (hereinafter, the "Facility").

2

## FACTUAL ALLEGATIONS AND CLAIM

6.      On July 26, 1990, Congress enacted the Americans with Disabilities Act (hereinafter,

the "ADA"), 42 U.S.C. §12101, *et seq.*

    7.    Congress found, among other things, that:

        (i)     some 43,000,000 Americans have one or more physical or mental disabilities,
                and this number is increasing as the population as a whole is growing older;

        (ii)    historically, society has tended to isolate and segregate individuals with
                disabilities, and, despite some improvements, such forms of discrimination
                against individuals with disabilities continue to be a serious and pervasive
                social problem;

        (iii)   discrimination against individuals with disabilities persists in such critical
                areas as employment, housing public accommodations, education,
                transportation, communication, recreation, institutionalization, health
                services, voting, and access to public services;

        (iv)    individuals with disabilities continually encounter various forms of
                discrimination, including outright intentional exclusion, the discriminatory
                effects of architectural, transportation, and communication barriers,
                overprotective rules and policies, failure to make modifications to existing
                facilities and practices, exclusionary qualification standards and criteria,
                segregation, and relegation to lesser service, programs, activities, benefits,
                jobs, or other opportunities; and,

        (v)     the continuing existence of unfair and unnecessary discrimination and
                prejudice denies people with disabilities the opportunity to compete on an
                equal basis and to pursue those opportunities for which our free society is
                justifiably famous, and costs the United States billions of dollars in
                unnecessary expenses resulting from dependency and nonproductivity.

42 U.S.C. §12101(a)(1) - (3), (5) and (9).

    8.    Congress explicitly stated that the purpose of the ADA was to:

        (i)     provide a clear and comprehensive national mandate for the elimination of
                discrimination against individuals with disabilities;

        (ii)    provide a clear, strong, consistent, enforceable standards addressing

3

discrimination against individuals with disabilities; and,

    (iii)    invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

9.    The congressional legislation provided places of public accommodation one and a half years from the enactment of the ADA to implement the requirements imposed by the ADA. The effective date of Title III of the ADA was January 26, 1992, or January 26, 1993 if defendant has 10 or fewer employees and gross receipts of $500,000 or less. 42 U.S.C. §12181; 28 C.F.R. §36.508(a).

10.    The Facility is a public accommodation and service establishment.

11.    Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of Attorney General, promulgated federal regulations to implement the requirements of the ADA. 29 C.F.R. Part 36. Public accommodations were required to conform to these regulations by January 26, 1992 (or January 26, 1993 if defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. §12181, *et seq.*, and 28 C.F.R. § 36.302, *et seq.*

12.    The Facility must be, but is not, in compliance with the ADA and ADAAG.

13.    Plaintiffs have attempted to and have, to the extent possible, accessed the Facility, but could not do so because of their disability due to the physical barriers to access, dangerous conditions and ADA violations that exist at the Facility that preclude and/or limit their access to the Facility and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

4

14.     Plaintiffs intend to visit the Facility again in the near future in order to utilize all of
the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at
this facility, including purchasing goods, and utilizing parking and restroom facilities, but will be
unable to do so because of their disability due to the physical barriers to access, dangerous conditions
and ADA violations that exist at the property that preclude and/or limit their access to the Facility
and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein,
including those barriers, conditions and ADA violations more specifically set forth in this
Complaint.

15.     The Defendant has discriminated against the Plaintiffs and others with disabilities,
by denying access to, and full and equal enjoyment of the goods, services, facilities, privileges,
advantages and/or accommodations of the Facility, as prohibited by 42 U.S.C. § 12182, *et seq.*, and
by failing to remove architectural barriers as required by 42 U.S.C. §12182(b)(2)(A)(iv), and will
continue to discriminate against Plaintiffs and others with disabilities unless and until Defendant is
compelled to remove all physical barriers that exist at the Facility, including those specifically set
forth herein, and make the Facility accessible to and usable by persons with disabilities, including
Plaintiffs.

16.     Defendant has discriminated against Plaintiffs by failing to comply with the above
requirements. A specific, although not exclusive, list of unlawful physical barriers, dangerous
conditions and ADA violations which preclude and/or limit the Plaintiffs' ability (because of their
disability) to access the Facility and/or full and equal enjoyment of the goods, services, facilities,
privileges, advantages and/or accommodations of the Facility, include:

(a)     There is no accessible route from the street, transportation stop or the public

5

sidewalk, as required by ADAAG 4.1.2(1) and 36.403(e)(1), nor does the Facility connect to accessible facilities, elements or spaces that are on the same site in violation of ADAAG 4.1.2(2);

(b)     The accessible parking spaces are not marked as per U.S. Code 23 section 109 D, in that they are not striped in white and prominently outlined in blue;

(c)     The accessible parking spaces do not have adjacent access aisles which are five feet wide in violation of ADAAG 4.6.3;

(d)     The accessible parking spaces do not have signs designating them as reserved for disabled persons; these signs are required and shall be located so they cannot be obscured by a vehicle parked in the space in violation of ADAAG 4.6.4;

(e)     The accessible ramps have slopes that are over the maximum amount of 1:20 in violation of ADAAG 4.8.2;

(f)     All of the accessible parking spaces are of insufficient width and have no accessible route to the building entrance in violation of ADAAG 4.6.2 and 4.6.3;

(g)     There are an insufficient number of accessible parking spaces in violation of ADAAG 4.1.2(5);

(h)     There is no accessible route from the accessible parking spaces to the building entrances in violation of ADAAG 4.1.2.1;

(i)     There are not properly constructed ramps and curb ramps, nor are they located on the shortest accessible route of travel from the accessible parking spaces in violation of ADAAG 4.1.2;

(j)     The waiting area does not have the required amount of seating areas available for

6

disabled persons in wheelchairs as is required by ADAAG 4.32.2 and 4.1.3(18);

(k)    The fixed seating area does not have the required five percent (5%) of the seating available for persons with disabilities in violation of ADAAG 4.32.2;

(l)    The bar or counter area where food and/or drinks are served is over the maximum height and does not have a portion of the main counter accessible in violation of ADAAG 5.2;

(m)    The accessible routes are less than thirty six (36) inches between the tables in violation of ADAAG 5.3;

(n)    Some of the interior accessible doors require over than the maximum amount of five (5) pounds of torque to open, in violation of ADAAG 4.13.11(2)(b);

(o)    The door does not have the required minimum maneuvering clearance in violation of ADAAG 4.13.6;

(p)    The accessible signage that is required for permanent identification of accessible rooms and spaces is not positioned in the correct location in violation of ADAAG 4.30.6;

(q)    The accessible signage that is required for permanent identification of accessible rooms and spaces does not have the required raised and Brailled characters nor the pictorial symbols at a minium of six (6) inches in height in violation of ADAAG 4.30.4;

(r)    The door does not have the required minimum maneuvering clearance in violation of ADAAG 4.13.6;

(s)    There are not any signs that designate an accessible toilet/restroom or stall in

7

violation of ADAAG 4.30.4, 4.30.5, 4.30.6 and 4.1.3.16(a);

(t)     The signs which designate toilet/bathrooms do not comply and are in violation of ADAAG 4.30.4, . 4.30.5 and 4.30.6;

(u)     The signage is improperly mounted in violation of ADAAG 4.30.6;

(v)     The signs which designate permanent rooms and spaces have no Braille nor do they protrude 1/32" in violation of ADAAG 4.30.4, 4.30.5 and 4.30.6;

(w)     The signage finish and contrast are in violation of ADAAG 4.30.5;

(x)     The toilet is in a stall and the approach is not at least sixty (60) inches wide by fifty-nine (59) inches long in violation of ADAAG 4.17.3;

(y)     The doors are not automatic or power assisted and do not have the maneuvering space in violation of ADAAG 4.1.3.6;

(z)     The flush controls are not mounted on the wide side of the toilet, where the clear floor space is provided in violation of ADAAG 4.16.5 and 4.27.4;

(aa)    The accessible lavatory's hot water pipes and drain pipes are not insulated or otherwise configured to protect against contact in violation of ADAAG 4.19.4;

(bb)    The area below the accessible lavatory is not free of sharp or abrasive surfaces in violation of ADAAG 4.19.4;

(cc)    The coat hook mounted on the door of the accessible stall is over the reach range in violation of ADAAG 4.27.3, 4.2.5 and 4.2.6;

(dd)    The rear grab bar is not horizontal and mounted between thirty-three (33) and thirty-six (36) inches above the finished floor in violation of ADAAG 4.16.4;

(ee)    The toilet paper dispenser is located beyond the thirty-six (36) inch requirement,

8

from the rear wall in violation of ADAAG 30;

(ff)    The side grab bar is not at least forty-two (42) inches long and mounted a maximum twelve (12) inches from the back wall in violation of ADAAG 4.16;

(gg)    The rear grab bar is not thirty-six (36) inches long and is not offset one foot in violation of ADAAG 4.16.4;

(hh)    The grab bar is not horizontal and mounted between thirty-three (33) and thirty-six (36) inches above the finished floor in violation of ADAAG 4.16.4;

(ii)    Both of the grab bars do not comply with ADAAG 4.26.2, 4.26.3 and 4.26.4;

(jj)    The toilet paper dispensers are not located so that they do not obstruct the use of the grab bar in violation of ADAAG 4.16.5 and 4.27.4;

17.    The above listing is not to be considered all-inclusive of the barriers, conditions or violations encountered by the Plaintiffs and/or which exist at the Facility. Plaintiffs require an inspection of the Facility in order to determine all of the discriminatory acts violating the ADA.

18.    The Plaintiffs have attempted to gain access to the Facility, but because of their disability have been denied access to, and have been denied the benefits of services, programs and activities of the Facility, and have otherwise been discriminated against and damaged by the Defendant, because of the physical barriers, dangerous conditions and ADA violations set forth above, and expect to be discriminated against in the future by the Defendant because of Plaintiffs' disability, unless and until Defendant is compelled to remove the unlawful barriers and conditions and comply with the ADA.

19.    The removal of the physical barriers, dangerous conditions and ADA violations set

9

forth herein is readily achievable and can be accomplished and carried out without much difficulty or expense. 42 U.S.C. §12182(b)(2)(A)(iv); 42 U.S.C. §12181(9); 28 C.F.R. § 36.304.

20.    Plaintiffs are without adequate remedy at law and are suffering irreparable harm, and reasonably anticipate that they will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Facility, including those set forth herein.

21.    Plaintiffs have been obligated to retain the undersigned counsel for the filing and prosecution of this action, and have agreed to pay the undersigned counsel reasonable attorneys' fees, costs and expenses from Defendant pursuant to 42 U.S.C. §§ 12205 and 12117.

22.    Plaintiffs have been obligated to retain an expert witness for the filing and prosecution of this action, and have agreed to pay said expert reasonable expert's fees and costs from Defendant pursuant to 42 U.S.C. §§ 12205, 12117 and 42 U.S.C. §1988.

23.    Pursuant to 42 U.S.C. §12188(a), this Court is provided authority to grant injunctive relief to the Plaintiffs, including an order to alter the subject Facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and closing the subject Facility until the requisite modifications are completed.

**WHEREFORE,** Plaintiffs respectfully request that the Court issue a permanent injunction enjoining Defendant from continuing their discriminatory practices, ordering the Defendant to remove the physical barriers to access and alter the subject Facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, closing the subject Facility until the barriers are removed and requisite alterations are completed, and awarding Plaintiffs their reasonable attorneys' fees, expert fees, costs and expenses incurred in this action.

10

Respectfully submitted,

**WHITELOCK & ASSOCIATES, P.A.**
300 Southeast Thirteenth Street
Fort Lauderdale, Florida 33316
Phone No.:  (954) 463-2001
Facsimile No.: (954) 463-0410
Counsel for Plaintiffs

**TODD W. SHULBY**
Florida Bar No.: 068365

11

**CIVIL COVER SHEET**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

ACCESS FOR THE DISABLED, INC. and
JOHN GARON,

## DEFENDANTS

BRINKER FLORIDA, INC., a foreign
corporation d/b/a CHILI'S GRILL &
BAR

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

CIV-ROETTGER

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) 954-463-2001
Todd W. Shulby, Esq. / Whitelock & Associates, PA
300 S.E. 13th Street, Fort Lauderdale, Florida 333

ATTORNEYS (IF KNOWN)

01-7241

**(d)** CIRCLE COUNTY WHERE ACTION AROSE: DADE, MONROE, ~~BROWARD~~ PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

## II. BASIS OF JURISDICTION   (PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN   (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT   (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | B☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | B☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury Product Liability | B☐ 630 Liquor Laws | **A PROPERTY RIGHTS** | B☐ 450 Commerce/ICC Rates, etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | B☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | B☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | B☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| | | ☐ 370 Other Fraud | B☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| B☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | **A LABOR** | **B SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| | | | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | B☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| B☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | | | |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | B☐ 530 General | ☐ 790 Other Labor Litigation | A☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☒ 444 Welfare | A☐ 535 Death Penalty | | | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | B☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | A☐ 871 IRS—Third Party 26 USC 7609 | A OR B |
| ☐ 290 All Other Real Property | | B☐ 550 Civil Rights | | | |
| | | B☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Americans With Disabilities Act, 42 U.S.C. 12181, et seq.

LENGTH OF TRIAL
via 3 days estimated (for both sides to try entire case)

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint
**JURY DEMAND:** ☐ YES ☒ NO

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE 7/24/01

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # 522923  AMOUNT 150.00  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____